Filed 12/23/15  P. v. Joy CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERIC DARNELL JOY,<br><br>Defendant and Appellant. | F068451<br><br>(Super. Ct. No. SC084562A)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Carol L. Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Kane, J. and Franson, J.

## INTRODUCTION

The Three Strikes Reform Act of 2012 (Proposition 36) permits third strike offenders serving indeterminate life sentences for crimes that are not serious or violent felonies to petition for resentencing. (Pen. Code,[1] § 1170.126 et seq.) If a petitioning offender satisfies the statute's eligibility criteria, they are resentenced as a second strike offender "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Following the enactment of Proposition 36, defendant filed a petition for resentencing. Though defendant was statutorily eligible for resentencing, the superior court denied the petition on the grounds that defendant posed an unreasonable risk to public safety. On appeal, defendant contends (1) Proposition 36 violates his equal protection rights by treating offenders sentenced before the effective date of Proposition 36 differently from offenders sentenced after that date, (2) defendant was entitled to a jury trial and proof beyond a reasonable doubt on the issue of his current dangerousness, (3) the superior court erred by denying defendant's petition for resentencing, and (4) even if not constitutionally required, a reasonable doubt standard of proof or, in the alternative, a clear and convincing evidence standard of proof should apply to dangerousness determinations. We affirm.

## FACTS[2]

On July 4, 2002, defendant was sought by police after defendant beat his ex-girlfriend unconscious and stole her cash and car. A short time later, police observed defendant driving the stolen vehicle, and initiated a traffic stop. Rather than comply with the officers' orders to exit the vehicle, defendant sped away from the officers – running

---

[1]     Unless otherwise indicated, all statutory references are to the Penal Code.

[2]     Respondent's request to take judicial notice of the nonpublished opinion in *People v. Joy* (Mar. 10, 2004, F042238), is granted.

stop signs and driving into oncoming traffic in the process – before eventually crashing the car into a tree. Defendant then fled from the officers on foot, and subsequently resisted arrest by striking one of the pursuing officers with a piece of sheet metal before finally being subdued.

A jury found defendant guilty of misdemeanor assault on a peace officer, felony resisting arrest with the use of force or violence, and felony evading a peace officer while operating a motor vehicle. At sentencing, the trial court found defendant to have six prior strikes: a 1980 juvenile adjudication for robbery, three 1981 convictions for armed first-degree burglary, a 1991 conviction for armed first-degree robbery, and a 1991 conviction for attempted first-degree armed robbery. Defendant was sentenced to a term of 25 years to life in prison.

On May 21, 2013, defendant filed a petition for resentencing pursuant to Proposition 36. The People did not dispute defendant's statutory eligibility to be resentenced, but argued his release would pose an unreasonable risk of danger to public safety. The People noted that defendant's criminal record contained numerous felony convictions for dangerous and violent crimes, that defendant had committed several rules violations during his incarceration – including violations for possessing a razor blade, mutual combat, participating in a prison riot, refusal to follow orders, and food theft – and that defendant had a number of poor mental health evaluations concerning his substance use, anger management issues, and desire to cause harm to others.

In response, defendant noted that his current offense was 10 years old, he had not committed a rules violation in over six years, and he had ample family support to assist him in transitioning to life outside of prison.

On November 12, 2013, the superior court issued a written ruling denying defendant's petition for resentencing. In support of its ruling, the court cited "the very dangerous facts surrounding the defendant's priors, including the very violent facts of the

committing offense," defendant's mental health records, and defendant's disciplinary record while incarcerated.  This appeal followed.

## DISCUSSION

### I.     *The provisions of Proposition 36 do not violate defendant's equal protection rights.*

Under Proposition 36, offenders sentenced prior to the effective date of the law are eligible for retroactive application of Proposition 36's revised sentencing calculations, but only if the sentencing court determines the inmate does not pose an unreasonable risk of danger to public safety.  Offenders sentenced after the effective date of the law, however, are automatically and unconditionally subject to the revised sentencing procedures.  On appeal, defendant argues this differing treatment between offenders sentenced prior to the effective date of Proposition 36 and offenders sentenced after that date violates his right to equal protection under the law.  We disagree.

As we noted in *People v. Yearwood* (2013) 213 Cal.App.4th 161, 179, "the distinction drawn between felony offenders sentenced before, and those offenders who are sentenced after [Proposition 36's] effective date, does not violate [an] appellant's state or federal equal protection rights. [Citations.]"  A law may treat members of different classes in different ways if it is rationally related to a legitimate government interest and the distinctions are not based on suspect classifications.  (*People v. Turnage* (2012) 55 Cal.4th 62, 74-75.)  Prisoners are not a suspect class.  (See *People v. Cruz* (2012) 207 Cal.App.4th 664, 676, fn. 11.)  Further, the state has a legitimate interest in ensuring "that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written."  (*In re Kapperman* (1974) 11 Cal.3d 542, 546; see *People v. Floyd* (2003) 31 Cal.4th 179, 191.)  Accordingly, treating prisoners sentenced before the effective date of Proposition 36 and offenders sentenced after that date differently is rationally related to a legitimate state interest, and defendant's equal protection argument must fail.

## II.     *Defendant is not entitled to a jury trial or proof beyond a reasonable doubt.*

Next, defendant contends he has a constitutional right to a jury trial and proof beyond a reasonable doubt on the issue of his current dangerousness, as a determination of dangerousness commits a defendant to a term of confinement that exceeds the normal penalty for the underlying offense. In making this argument, defendant analogizes his situation to that of a mentally disordered offender, who is permitted a jury trial before the offender's period of involuntary commitment can be extended. We find this analogy and argument to be without merit.

The denial of a petition for recall of sentence does not extend a defendant's term of imprisonment; it merely denies the defendant a downward modification of a validly imposed indeterminate term of life in prison. If the denial of defendant's petition subjected him to an increased sentence, then he would indeed be entitled to the protections of a jury trial and heightened burden of proof. But since defendant has *already* been subjected to an indeterminate term of life in prison – following a jury trial where he was found guilty of the charges beyond a reasonable doubt and properly sentenced to that term pursuant to the laws in effect at that time – defendant's constitutional rights were not violated by the use of a bench trial and lowered burden of proof in a proceeding concerning a potential downward modification of that properly imposed sentence. (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1305-1306.)

## III.    *The superior court did not err by denying defendant's petition for resentencing.*

Defendant also asserts the trial court erred by finding he posed an unreasonable risk of danger to public safety. We disagree.

As a preliminary matter, we note defendant devotes considerable space in his brief to claiming Proposition 36 creates a presumption on favor of resentencing that restricts denials of resentencing to extraordinary cases. We find no such presumption. Section 1170.126, subdivision (f) states that a statutorily-eligible petitioning inmate "shall" be

5.

resentenced, "unless" the trial court determines the inmate poses an unreasonable risk of danger to public safety. Fairly read, this language mandates the resentencing of statutorily-eligible petitioners who do not pose a danger to public safety, but prohibits the resentencing of petitioners who pose an unreasonable risk of such danger.[3] Therefore, section 1170.126, subdivision (f), does not create a presumption in favor of resentencing, but rather establishes different compulsory actions for different factual situations. No statutory language limits this prohibition to only those cases where the inmate poses an *extraordinary* risk of danger to public safety.

Viewed in this light, we do not conclude the trial court abused its discretion by finding defendant posed an unreasonable risk of danger to public safety. Defendant's criminal history prior to his current incarceration involved acts of armed burglary, numerous instances of armed robbery, and the circumstances surrounding his most recent convictions involved fleeing from the police, assaulting a police officer with a piece of sheet metal, and allegations of domestic abuse and automobile theft. Since his incarceration, defendant has had a number of rules violations and several troubling mental health reports. All of these facts support the trial court's finding of present dangerousness.

While defendant is correct in noting a prolonged stretch of discipline free behavior in recent years, such a stretch does not render the trial court's decision an abuse of discretion. In sentencing matters, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) Given the nature of defendant's

---

**3**      While we acknowledge the determination of an inmate's dangerousness is left to the discretion of the sentencing court, we do not conclude the sentencing court has the discretion to resentence an inmate it has deemed to pose an unreasonable risk of danger to public safety. Accordingly, the denial of resentencing to inmates who pose an unreasonable risk of danger to public safety is not discretionary, but compulsory.

criminal history, disciplinary records, and mental health evaluations, we find no abuse of discretion in this case.

## IV. *The superior court applied the proper burden of proof.*

Finally, defendant contends that, even if proof beyond a reasonable doubt is not constitutionally required, this Court should hold that a showing of dangerousness must be made by clear and convincing evidence. We decline to make such a holding.

In support of his argument, defendant cites federal cases requiring heightened standards of proof for facts that would dramatically increase a defendant's sentence. (See *United States v. Jordan* (9th Cir. 2001) 256 F.3d 922, 930; *United States v. Pineda-Doval* (9th Cir. 2010) 614 F.3d 1019, 1041.) As noted above, however, a finding of dangerousness does not *increase* an inmate's sentence; it merely enforces an inmate's pre-existing sentence, which was imposed for offenses proved beyond a reasonable doubt at trial. Accordingly, defendant's arguments do not apply to dangerousness determinations, and there is no need for a heightened standard of proof in such determinations. (See *People v. Superior Court (Kaulick)*, *supra*, 215 Cal.App.4th at pp. 1305-1306.)

## DISPOSITION

The order is affirmed.